IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| NICOLE LORING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 12-2378-JAR |
| ) | |
| KWAL-HOWELS, INC., and ) | |
| PROFESSIONAL PAINT & COATINGS, INC., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## **MEMORANDUM AND ORDER**

Plaintiff filed this action alleging violations under Title VII of the Civil Rights Act of 1964,[1] and the Equal Pay Act.[2] Before the Court is Plaintiff's Motion for Entry of Judgment by Default Against Defendant KWAL-Howells, Inc. (Doc. 10). The matter has been fully briefed and the Court is prepared to rule. As described more fully below, Plaintiff's motion for default judgment is denied without prejudice.

**I. Background**

Plaintiff, a former employee of KWAL-Howels, Inc. ("KWAL"), filed this lawsuit on June 15, 2012, against Defendants KWAL and Professional Paint & Coatings, Inc. ("PPC").[3] Count I of the Complaint alleges retaliation in violation of Title VII against Defendants KWAL and PPC.[4] Count II alleges sex discrimination in violation of Title VII against Defendant KWAL

---

[1] 42 U.S.C. § 2000e *et seq.*

[2] 29 U.S.C. § 201 *et seq.*

[3] Doc. 1.

[4] *Id.* at 6.

and a violation of the Equal Pay Act against Defendant KWAL.[5] The docket shows that summonses were returned executed upon both Defendants on October 9, 2012.[6] The Notice of Service of Summons and Complaint filed with regard to Defendant KWAL attaches a Proof of Service stating that the summons was served on "The Corporation Company, Inc. (via USPS Certified Mail), who is designated by law to accept service of process on behalf of [KWAL] on October 9, 2012."[7] Plaintiff alleges that KWAL was served on October 9, 2012 by certified mail through its registered agent listed with the Kansas Secretary of State. Pursuant to Fed. R. Civ. P. 12(a), Defendants KWAL and PPC were required to file a responsive pleading on or before October 30, 2012.[8] Defendant PPC appeared and filed its Answer on October 30, 2012, but Defendant KWAL has failed to file a responsive pleading or otherwise appear in this action.

## II.     Discussion

Plaintiff moves for default judgment against Defendant KWAL pursuant to Fed. R. Civ. P. 55. Plaintiff requests that all matters alleged against KWAL in the Complaint be deemed admitted, and that the Court conduct a hearing or other procedure to determine the amount of Plaintiff's damages pursuant to Fed. R. Civ. P. 55(b)(2)(B). The Court finds that Plaintiff's motion must be denied for several reasons.

Initially, Plaintiff has failed to comply with the two-step process contemplated by Fed. R. Civ. P. 55. Plaintiff must first apply to the clerk for entry of default under subsection (a) which

---

[5]*Id.* at 7.

[6]Doc. 3 and 4.

[7]Doc. 4-1 at 2.

[8]Fed. R. Civ. P. 12(a)(1)(A)(I).

2

states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."[9] If the clerk enters a default, plaintiff may then file a motion for default judgment under Fed. R. Civ. P. 55(b).[10] "A plaintiff may not seek default judgment before it has applied for entry of default."[11]

In addition, Plaintiff's proof of service appears to be deficient. Fed. R. Civ. P. 4(l)(1) requires proof of service "by the server's affidavit."[12] Plaintiff chose to serve the defendant corporation under Fed. R. Civ. P. 4(h)(1)(A), which allows service on a corporation by the manner prescribed by Rule 4(e)(1), which allows service "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."[13] Kansas law provides that service by return receipt delivery must be "evidenced by a written or electronic receipt showing to whom delivered, the date of delivery, the address where delivered and the person or entity effecting delivery" and the return of service "must include a copy of the return receipt evidencing delivery."[14] The record in this case does not contain such evidence.

Even if Plaintiff had complied with Rule 55 and supplied the proper evidence of the

---

[9]*Christenson Media Group, Inc. v. Lang Indus., Inc.,* 782 F. Supp. 2d 1213, 1222 (D. Kan. 2011) (citing Fed. R. Civ. P. 55(a)).

[10]*Id.*

[11]*Id.* at 1223 (citations omitted).

[12]Fed. R. Civ. P. 4(l)(1).

[13]Fed. R. Civ. P. 4(h)(1)(A) and 4(e)(1).

[14]K.S.A. § 60-303(c)(1) and (4).

3

return receipt delivery, default judgment would be inappropriate in this case, at least with respect to Count I. Defendant PPC has filed an opposition to the motion for default judgment, objecting to the granting of default judgment against KWAL to the extent such ruling has or could have any prejudicial effect on the ability of PPC to present evidence in its defense of liability and damages on Count I or to the extent Plaintiff seeks to hold Defendants jointly and severally liable under Count I.[15] Although Plaintiff has replied, arguing that she is not seeking to hold Defendants jointly and severally liable, the Court finds that default judgment would nevertheless be inappropriate for Count I.

The Tenth Circuit has recognized and applied the rule announced in *Frow v. De La Vega*.[16] The Supreme Court in *Frow*, concluded that "when multiple defendants are alleged to be jointly liable and fewer than all defendants default, the district court may not render a liability determination as to the defaulting parties unless and until the remaining defendants are found liable on the merits."[17] The *Frow* rule has also been applied "in situations where multiple defendants have closely related defenses."[18] Count I of Plaintiff's Complaint alleges a claim of retaliation against both Defendants. Plaintiff alleges that she was an employee of KWAL and that she complained to KWAL management that she was experiencing pregnancy discrimination from KWAL managers. Plaintiff alleges that PPC purchased the KWAL store where she was

---

[15]Doc. 11.

[16]*Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 147 (10th Cir. 1985) (citing *Frow*, 82 U.S. 552 (1872)).

[17]*Id.* at 147 (citing *Frow*, 82 U.S. at 554).

[18]*Wilcox v. Raintree Inns of Am., Inc.*, 76 F.3d 394 (Table), 1996 WL 48857, at *3 (10th Cir. Feb. 2, 1996); *see also Allstate Property and Cas. Ins. Co. v. Salazar-Castro*, No. 08-2110-CM, 2009 WL 196150, at *1 (D. Kan. Jan. 23, 2009) (finding *Frow* is not strictly limited to cases involving joint liability).

working and that she was informed that she was not "eligible" for employment with PPC and her employment was terminated.  Plaintiff claims that one or more individuals with ownership interests in PPC were former managers or officers of KWAL, and had knowledge of Plaintiff's former complaints of discrimination.  Clearly, Defendants' defenses to Count I are closely related.  The Court declines to enter default judgment against a defendant that has a closely related defense with the non-defaulting defendant.  For all the reasons set forth above, the motion for default judgment is premature and must be denied.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Entry of Judgment by Default Against Defendant Kwal-Howells, Inc. (Doc. 10) is **DENIED WITHOUT PREJUDICE.**

**IT IS SO ORDERED**.

Dated: March 27, 2013

S/ Julie A. Robinson

JULIE A. ROBINSON

UNITED STATES DISTRICT JUDGE