# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

NICOLE LORING, )
 )
                    **Plaintiff,** )
 )
vs. )    Case No. 12-2378-JAR
 )
KWAL-HOWELS, INC., and )
PROFESSIONAL PAINT & COATINGS, INC., )
 )
                    **Defendants.** )
_____ )

## MEMORANDUM AND ORDER

Plaintiff filed this action alleging violations under Title VII of the Civil Rights Act of 1964,[1] and the Equal Pay Act.[2] Before the Court is Plaintiff's Second Motion for Entry of Judgment by Default Against Defendant KWAL-Howells, Inc. (Doc. 25). As described more fully below, Plaintiff's motion for default judgment is denied without prejudice.

### I. Background

Plaintiff, a former employee of KWAL-Howels, Inc. ("KWAL"), filed this lawsuit on June 15, 2012, against Defendants KWAL and Professional Paint & Coatings, Inc. ("PPC").[3] The docket shows that summonses were returned executed upon both Defendants on October 9, 2012.[4] The Notice of Service of Summons and Complaint filed with regard to Defendant KWAL attaches a Proof of Service stating that the summons was served on "The Corporation Company,

---

[1] 42 U.S.C. § 2000e *et seq.*

[2] 29 U.S.C. § 201 *et seq.*

[3] Doc. 1.

[4] Doc. 3 and 4.

Inc. (via USPS Certified Mail), who is designated by law to accept service of process on behalf of [KWAL] on October 9, 2012."[5] Plaintiff alleges that KWAL was served on October 9, 2012 by certified mail through its registered agent listed with the Kansas Secretary of State. Pursuant to Fed. R. Civ. P. 12(a), Defendants KWAL and PPC were required to file a responsive pleading on or before October 30, 2012.[6] Defendant PPC appeared and filed its Answer on October 30, 2012, but Defendant KWAL has failed to file a responsive pleading or otherwise appear in this action.

On November 30, 2012, Plaintiff filed a Motion for Entry of Judgment by Default Against Defendant KWAL.[7] The Court entered a Memorandum and Order denying the motion for default judgment, finding that: 1) Plaintiff failed to comply with the two-step process contemplated by Fed. R. Civ. P. 55; 2) Plaintiff's proof of service appeared to be deficient; and 3) default judgment should be denied against a defendant that has a closely related defense with the non-defaulting defendant.[8] After the Court entered its Memorandum and Order, Plaintiff resolved her claims against PPC. PPC withdrew its opposition to Plaintiff's motion for default judgment and Plaintiff's claims against PPC were dismissed with prejudice.[9]

## II. Discussion

Plaintiff moves for default judgment against Defendant KWAL pursuant to Fed. R. Civ. P. 55. Plaintiff requests that all matters alleged against KWAL in the Complaint be deemed

---

[5] Doc. 4-1 at 2.

[6] Fed. R. Civ. P. 12(a)(1)(A)(I).

[7] Doc. 10.

[8] Doc. 20.

[9] Doc. 22 and 24.

admitted, and that the Court conduct a hearing or other procedure to determine the amount of Plaintiff's damages pursuant to Fed. R. Civ. P. 55(b)(2)(B). The Court's prior order held that Plaintiff's motion must be denied for several reasons. The dismissal of Plaintiff's claims against PPC has resolved one of the concerns noted in the prior order. Plaintiff has failed to address the remaining two concerns set forth in the order.

Initially, Plaintiff has failed to comply with the two-step process contemplated by Fed. R. Civ. P. 55. Plaintiff must first apply to the clerk for entry of default under subsection (a), which states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."[10] If the clerk enters a default, plaintiff may then file a motion for default judgment under Fed. R. Civ. P. 55(b).[11] "A plaintiff may not seek default judgment before it has applied for entry of default."[12]

In addition, Plaintiff's proof of service appears to be deficient. Fed. R. Civ. P. 4(l)(1) requires proof of service "by the server's affidavit."[13] Plaintiff chose to serve the defendant corporation under Fed. R. Civ. P. 4(h)(1)(A), which allows service on a corporation by the manner prescribed by Rule 4(e)(1), which allows service "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district

---

[10]*Christenson Media Group, Inc. v. Lang Indus., Inc.*, 782 F. Supp. 2d 1213, 1222 (D. Kan. 2011) (citing Fed. R. Civ. P. 55(a)).

[11]*Id.*

[12]*Id.* at 1223 (citations omitted).

[13]Fed. R. Civ. P. 4(l)(1).

3

court is located or where service is made."[14] Kansas law provides that service by return receipt delivery must be "evidenced by a written or electronic receipt showing to whom delivered, the date of delivery, the address where delivered and the person or entity effecting delivery" and the return of service "must include a copy of the return receipt evidencing delivery."[15] The record in this case does not contain such evidence.

For all the reasons set forth above, the motion for default judgment is premature and must be denied.

**IT IS THEREFORE ORDERED** that Plaintiff's Second Motion for Entry of Judgment by Default Against Defendant Kwal-Howells, Inc. (Doc. 25) is **DENIED WITHOUT PREJUDICE.**

**IT IS SO ORDERED**.

Dated: July 2, 2013

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[14] Fed. R. Civ. P. 4(h)(1)(A) and 4(e)(1).

[15] K.S.A. § 60-303(c)(1) and (4).